# Ex parte LAFAYETTE NARON HIMES.

No. A-11105.   Nov. 3, 1948.

(199 P. 2d 226.)

Judd L. Black, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action instituted by the petitioner, Lafayette Naron Himes, in which he alleges that he is illegally restrained of his liberty in the Oklahoma State Reformatory at Granite.

The petitioner does not contend that he is entitled to his unqualified discharge from such institution, but rather contends that he is being illegally restrained at Granite because he is an habitual criminal, and under the law should be incarcerated in the State Penitentiary at McAlester.

At the hearing before this court, the evidence showed that the petitioner was an habitual criminal and in addition to two convictions for robbery with firearms and a conviction for larceny of an automobile in the state court, the petitioner had been convicted by a General Court Martial at Fort Leavenworth, Kan., for the crimes of larceny, escape, and desertion from the United States Army, and had been sentenced to serve a term of imprisonment in the Federal Penitentiary, and had further been convicted by a General Court Martial at Fort Sill, Okla., for violation of the 61st Articles of War and sentenced to serve two years and six months in the Federal Penitentiary.

The question raised in this proceeding has been fully discussed in the case of Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228. In view of the conclusions reached in that opinion, it is apparent that the petitioner is not being illegally restrained of his liberty at Granite and that the writ of habeas corpus should be denied.

It is so ordered.

BAREFOOT, P. J., and BRETT, J., concurs.